Okay, our final case this morning is No. 21-1910, Upaid Systems, Ltd. v. Card Concepts, Inc. Okay, Mr. Petrie? Good morning, Your Honors. May it please the Court. Upaid's appeal presents three different issues, and each of those issues is independent of each other, so if Upaid prevails on any one of those, this case should be remanded. I'd like to start with the external networks issue. The District Court granted summary judgment of non-infringement because it held that as a matter of law, networks used to connect components of the platform cannot be the external networks as recited in the claims. That holding was legal error because it allowed CCI to resurrect the claim construction that the District Court had previously rejected, as we pointed out in our reply brief. That holding was also legal error because it disregarded the summary judgment evidence that Upaid presented, showing that, in fact, the networks in CCI's accused products were separate from the platform, as the District Court required. CCI's proposed claim construction is set out on Appendix Page 25. Is the difference here on separate, whether it's physically separate or is it functionally separate? It seems like your expert was arguing presenting a test for separate that would maybe provide some sort of functional separateness, whereas the District Court's opinion seems to talk about having to be physically separate. It could be connected to the platform, but it can't be involved in interconnecting portions of the platform. The District Court's claim construction ruling at Appendix Page 51 said that a network connected to the platform may be a component part of the platform, and therefore within it, while a network separate from the platform is necessarily outside of it. I think this relates to your question that if a network is physically connected to a component of the platform, there is a question, does that make that network part of the platform? I think my question was, I think the Board said it can be connected to one component. It would be physically separate. But if it's used to interconnect two components of the platform, it necessarily is within the platform. I think that's what the Board said. That was the Court's conclusion on summary judgment. Yes. But I think that's what its claim construction said as well. No, I disagree, Your Honor, because what the Court said in the claim construction order was a network connected to the platform may be a component part of the platform. Okay, well, what if that doesn't matter, and instead the only question is what is the proper claim construction? Why is it incorrect to say that a network that is interconnecting two components of the platform is part of the platform? It's not external or outside. It's within it. Why is that incorrect? Well, it's because the district court's claim construction order required that the network be separate from the platform. And so the issue here is when is a network separate from the platform? And so really there's two steps in the infringement analysis. First, you construe the claims. Right. Then you see if the defendant infringes. Your view is that it can't be part of claim construction. The determination of what separate means should not be part of claim construction. It's part of the fact-finding and that the Court made a fact-finding. Well, not exactly. The Court's claim construction required the network to be separate from the platform. Dr. Jartoy, our expert, provided evidence that in the accused devices the network there were separate from the platform. And he did it by he analyzed the source code. He looked at the documentation and determined that the platform in the accused products did not control the network. It couldn't restrict access to the network. So all of that showed that the networks were separate from and not a component part of the network. And so that's factual evidence that goes to the infringement question, not the claim construction. I understand, but what if I'm right and the district court, in fact, construed the claim to say that the network has to be physically separate from the platform? Not just that it doesn't control things per your expert's testimony, but it has to be physically separate. And that means that it cannot interconnect to components of the platform. If that's a claim construction determination, then there isn't a genuine issue of material fact, right? It's a claim construction issue. That is true, yes. But what I would like to explain is the district court actually rejected that as a claim construction. So CCI proposed a claim construction that would have an additional network in which the platform resides that's separate from the external networks. Where does the district court reject the claim construction? In its claim construction order. Where? Appendix page 50. 15? Fifth, 5-0. 5-0. Yeah. Neither here nor in their dispute over platform do the parties present evidence supporting any network limitation on platform. So the court declined CCI's invitation to suggest that limitation. So CCI was proposing to have this limitation, the network limitation on platform. And it did so in its original proposed claim construction. It had proposed adding a network in which the platform resides. Okay, but during summary judgment, didn't you construe this term? The court, during summary judgment, should have been applying the claims as already construed. No, we've held repeatedly that district court can change the claim construction as the case goes along. Well, if the court was going to change the claim construction, we didn't have any notice of that. All we had notice of was the original claim construction, and we provided evidence under that original claim construction that CCI infringed. And there was no, and the court didn't indicate in its claim construction order, I don't believe it did, that it was changing its claim construction. It had already rejected CCI's attempt to have a limitation. It didn't construe the claims that require the network to be external to the platform, right? I'm sorry? It did construe the claims as requiring that the networks be external to the platform in the summary judgment order. Well, I think it was applying its claim construction order and said that the networks had to be external to the platform, but that was not what the claim construction originally did. Doesn't the claim itself say, what does the claim say, outside of, right? Right, right, outside of, and it uses various terms like that. I don't see that the court came up with a new claim construction or a different one. It just merely interpreted the claim construction it had already established. In our cases, that's permissible. I think if we walk through the claim construction proceedings, you'll see that the court original claim construction had actually rejected CCI's proposal to have a construction that would exclude a network between two platform components. So once CCI proposed this claim construction that there is a network in which the platform resides and that the external networks have to be separate from that network, it explained what that meant. It identified these issues, and on page 8802 of the appendix, it says the two issues are whether the claim networks are, one, composed of different switches, which is not an issue, or two, whether the claim networks are separate from the network in which the platform components reside. I understand what you're saying, but maybe the court was saying that there could be a platform that doesn't, it's connected, the different components of it are connected to one another but not through a network. I mean, so therefore you wouldn't want to limit the claims to just a platform that has its own separate network. Well, again, I would actually submit that you could have platform components connected through a network, but that network is not an external network. In such a situation, for instance... I understand, but maybe the court didn't want, my point was simply that you can imagine reasons why the court wouldn't have accepted the claim construction that was being offered, but nonetheless still held that the network has to be outside of the platform. Right, and I think that really gets to the issue, is what would it mean to be outside the platform? Right. And so that's what Dr. Jartoit provided the evidence on. And Judge Dyke mentioned, during summary judgment, the court could provide further elaboration of its claim construction. It doesn't even have to provide notice. It just can further construe the claims. And so why didn't that happen here? It seems to me it did, so I want to know your view on why not. I think what the court did was it just went back and allowed CCI to change, to go back and recapture the claim construction that the court had already adopted. I mean, we were providing our infringement evidence based on the court's claim construction. And I think that under the court's claim construction, it's... Are you arguing today that the court's construction, if I'm correct and the court is construing the language outside of, to mean physically outside, why is that construction wrong? Do you have an argument on that? Well, I think yes, because... I mean, if you think of the internet being a network, that's outside of the platform, even if two components are communicating over the internet. Because the internet connects a lot of other components worldwide, and that's what Dr. Jarto was explaining. It's like if the network... I mean, if the platform can't control who has access to the network, then the network is external to the platform, and that would be the example of the internet. A contrary example would be like a bus. There could be a bus on the device where these platform components are communicating with each other, and the platform can control who has access to that bus. Your argument does sound factual, not like you're relying on the intrinsic evidence or anything like that. No, it's factual as to what the court meant by separate... Like, what in the accused device meets the term... meets the construction of separate? Or when is a network a component part of the platform? And Dr. Jarto provided the evidence on that. And I think, though...  The district court originally rejected CCI's attempt to have a claim construction that would include a network between two platform components. And we provided evidence through Dr. Jarto as to why the CCI products met the court's claim construction that he ended up with. And one of the important parts there is that the court said that it's not clear that once the court rejected CCI's attempt to add this additional network where the platform resides, it's not clear that the two claim constructions are meaningfully different. So we had proposed a claim construction that would say, yeah, a network between two platform components can be an external network. And so... And that's why Dr. Jarto provided the factual evidence to show that, in fact, in CCI's products, their network was external to the platform. Because, for instance, I said the platform didn't control it, didn't limit access to it, and that. So unless the court has any further questions, I'll reserve my time for rebuttal. Okay, thank you. We'll hear from Ms. Curtis. Good morning, Your Honors. May it please the Court. I'm Tara Curtis, here on behalf of the Affiliate Card Concepts, Inc. I think this is a pretty simple case of non-infringement. And I'd like to start with where UPA's counsel used the bulk of their time, and that was to explain the district court's claim construction on Appendix Page 51. So the first point, I guess, is that UPA's counsel several times mentioned that CCI was attempting to insert an additional network in which the platform resides. We actually dropped that portion of our construction in our reply brief, and so that was not something that CCI was pushing for by the time the district court got to its claim construction order. And the only thing that... Actually, that was the only thing that the district court disagreed with in CCI's proposed construction. Beyond that, the district court actually adopted, almost verbatim, I'm going to change some words around to make things a little bit more clear, but adopted, at least in substance, CCI's proposed construction. The language, I think, that UPA's counsel was focused on is that the district court found not much of a difference between UPA's proposal for the connected-to language and CCI's proposal of separate from. And I think Judge Stoll, you might pick up on this, the district court said connected-to didn't capture what was actually being claimed because a network connected to the platform could, in fact, be external to, if you have a platform and you plug a network into it that's connected to it, but it could also capture networks that are within the platform connecting different pieces of the platform. That, colloquially, also could refer to a network that is connected to the platform. And so the district court went with the separate from language to clarify that whatever the external networks are, they are not connecting the component pieces of the platform because that connected-to language was too broad because it would capture those internal connections. And actually, what the claims cover are these completely external connections that are not piecing together the component parts of the platform. And I'll just note that during its claim construction briefing, UK actually said it didn't disagree with this interpretation of the claim language, and that's on appendix page 10201. UK says, okay, I'll give you one more to get there. It's the first full paragraph on that page. On the second line, UK says that the external networks are external or outside the platform. UK does not dispute this and never has. And this was UK's response brief, Your Honors, after CCI had clearly made the argument that internal connecting components are not the types of external networks that are being claimed. I'll also note that to the extent there was confusion or some lack of clarity in the district court's claim construction, Your Honors are absolutely right that any ambiguity or any issue or concern was clarified by the district court's summary judgment order in which it clearly said these internal connecting pieces are not the claimed external networks. And, of course, this makes sense. Sorry, I'm going to interrupt you for one minute. You're saying that is a legal determination based on claim construction. Is that right? Yes, Your Honor, that's right. It's a legal determination. To the extent there was any reconstruction happening, we don't believe that there was. We believe that the district court's claim construction order was perfectly clear as to what separate firm actually is. But to the extent, Your Honors, by ambiguity or to the extent you believe that the district court was, in fact, doing some sort of reconstruction or clarification, we think it was entirely consistent with the district court's initial claim construction and was simply a legal determination as to what the separate firm language means. In contrast, UPA's expert, Dr. Jantoi, was providing a completely new construction. He never, UPA or Dr. Jantoi, during the claim construction process, never once said, oh, this is what I think separate firm means, despite the fact that DFI's construction throughout the entirety of the claim construction process had this separate firm language in it. UPA never made any, you know, separate firm means, doesn't manage or control or the different things that are in Dr. Jantoi's declaration now in summary judgment. And so if anybody was applying a new claim construction, Your Honors, it was UPA to try and pull in these different configurations of PCI's various accused products and to try to kind of piece together some sort of an infringement theory. And I'll just end, I guess, unless Your Honors have other questions, but the whole point of this invention is to connect these external networks, right? This is a telecommunications patent. The purpose of it was for a user to call in from online, this platform, does some work and connects it up to another line. The entire purpose was to overcome issues with those external networks, not being able to communicate with one another. And so it makes sense, and it's entirely consistent with the purpose of the invention and the claims and the specification that these external networks are completely outside of and not connecting component parts of the networks. Unless Your Honors have any further questions, I'll see you through, Major. Okay. Thank you, Ms. Harness. Mr. Petry? Your Honors, just a couple of points here. My colleague mentioned that CCI dropped the requirement that there be an additional network as part of the claim construction proceedings. There's a little bit of wordplay going on there. They dropped the requirement that there be this additional network where the platform resides but they changed it from the network where the platform resides to any network where the platform resides, knowing that in their products, they have these components interconnected through what they allege is an internal network. And so they say they dropped the requirement, but the limitation was still there. And the district court rejected their attempt to put that in, even if they changed the to any. So that was still in there, even though they say they dropped it. They dropped the requirement, but they left in that if it's there, then it wouldn't be an external network. And one other point is that the district court reason it's claim construction is that a network connected to the platform may be a component part of the platform. And so the issue there is networks, how can the platform be communicating with a network unless it's connected to it? So the question is, what does it mean by, when is it connected to the, if all these networks will somehow be connected to the platforms? So the district court said a network separate from the platform is necessarily outside of it. So the issue there is, well, when is a network separate from the platform? And that was, I think, the second step is the actual question is to in the accused products, are those networks separate from the platform? And that was Dr. Jartoy's testimony. When I just quick question, when I look at figure one in the patent suit, I see that there is a platform, it's on the bottom. And then there's three different networks that are connected to that box. That is a platform, the internet and two other networks. Why isn't that the kind of separate from the district court is talking about? Well, that's, just showing the network connections, I would point to the figure, what, 27F? That we cited in our briefing. That shows that there are network components that communicate through the internet. And that was contemplated by the claim dimension. Okay. All right, thank you, Your Honor. Thank you, Mr. Petrie. Thank you, Mr. Curtis. The case is submitted. That concludes our session for this morning.